UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRY J. BEARD, | ) |
| *Plaintiff*, | ) Case No. 1:22-cv-137 |
| v. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Susan K. Lee |
| HAMILTON COUNTY SHERIFF'S DEPARTMENT, | ) |
| *Defendant*. | ) |

# MEMORANDUM AND ORDER

Plaintiff Terry J. Beard, an inmate housed in the Hamilton County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1), and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, and this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

Because it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) that he is unable to pay the filing fee, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. §§ 1915(e)(2)(B). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed that courts should liberally construe pro se pleadings and hold them "to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, formulaic and conclusory recitations of the elements of a claim do not state a plausible

2

claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570 (citation omitted).

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

### B. Plaintiff's Allegations

On September 29, 2021, Plaintiff was stabbed by two inmates in the day room of the Hamilton County Jail after Officer Michael Logan released Plaintiff from the visitation cage and then immediately released the two offending inmates from Cell 19. (Doc. 1, at 3–4.) Plaintiff was not given "any assistance to defend [himself]." (*Id.* at 4.) On October 22, 2021, Plaintiff received surgery on both hands to repair damage caused in the assault. (*Id.*)

On September 30, 2021, Plaintiff was housed in a sally port with no running water, plumbing, or seating of any kind. (*Id.*) Plaintiff was housed in a cell on January 22, 2022. (*Id.*)

Plaintiff asks the Court to award $10,000,000 in damages for his physical, mental, and emotional injuries. (*Id.* at 5.)

### C. Analysis

The sole Defendant named in this action is the Hamilton County Sheriff's Department, which is not a "person" that may be sued under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049

(6th Cir. 1994)). Further, Plaintiff has not alleged any facts from which the Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom of the Hamilton County Sheriff's Department, and therefore, he has not stated a claim against Hamilton County itself. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Accordingly, Defendant Hamilton County Sheriff's Department will be **DISMISSED**.

Although Plaintiff does not explicitly name Officer Michael Logan as a Defendant, he does maintain that Officer Logan released the two inmates who attacked Plaintiff and failed to provide Plaintiff with assistance to defend himself. (*Id*. at 4.) Therefore, the Court considers whether Plaintiff has stated a plausible constitutional claim that Officer Logan violated Plaintiff's constitutional rights under the Eighth Amendment by failing to protect him from violence at the hands of other inmates.

Prison officials have a duty to protect inmates from violence and take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Therefore, in order for liability to attach to a prison official's failure to protect, the substantial risk and need for protection must be obvious. *See, e.g., Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, an officer's negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state § 1983 cause of action).

Here, Plaintiff alleges no facts from which the Court could infer that Officer Logan knew the two offending inmates posed a danger to Plaintiff and that he then disregarded the risk by releasing all three inmates at the same time. While Plaintiff states that Officer Logan failed to offer him assistance, Plaintiff has not alleged any facts suggesting that Officer Logan observed the attack, or that he had the opportunity to intervene and failed to do so. Therefore, Plaintiff has not stated a plausible failure-to-protect claim against Officer Logan.

Finally, the Court considers whether Plaintiff's allegation that he was placed in a sally port with no running water, plumbing, or seating states a plausible claim that Plaintiff was subjected to unconstitutional conditions of confinement. (Doc. 1, at 4.) The Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff's complaint fails to allege how long he was housed in the sally port, but because Plaintiff specifically mentions that he was moved to a cell in January 2022. (Doc. 1, at 4), the Court assumes he was housed there for several months. However, Plaintiff's complaint is bereft of any facts, such as how many hours per day he was confined to the sally port, whether he had

5

alternate access to running water and plumbing, etc., that would allow the Court to infer that the conditions he endured posed a risk to his health or safety. *See, e.g.*, *Jackson v. Coyn*, No. 3:17CVP61, 2017 WL 2389400, at *3 (W.D. Ky. June 1, 2017) (finding temporary inconveniences do not demonstrate that conditions "fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency" and ruling alleged lack of soap, showers, towel, clean cell, eating utensils, and bed linens failed to state an objective constitutional risk); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (holding four-day inmate placement in strip cell without clothes, water, mattress, legal mail, or hygienic supplies did not pose objectively intolerable risk to inmate's health or safety). Therefore, Plaintiff's allegations are also insufficient to state a plausible conditions of confinement claim, and his complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with the benefit of liberal construction, Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED**; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**