UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TERRY J. BEARD, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:22-cv-137 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| HAMILTON COUNTY SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Terry J. Beard, an inmate housed in the Hamilton County Jail, has filed a letter that the Court construes as a motion to amend his civil rights complaint under 42 U.S.C. § 1983 (Doc. 7), and a proposed amended complaint (Doc. 7-1).

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his initial § 1983 complaint on May 9, 2022, alleging that the Hamilton County Sheriff's Department failed to protect him from an assault by other inmates and failed to provide him with adequate conditions of confinement. (Doc. 1.) This Court conducted a *sua sponte* review of Plaintiff's complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), and dismissed Plaintiff's claims against the Hamilton County Sherriff's Department because it is not a "person" subject to suit under § 1983. (Doc. 5, at 3–4.) The Court determined that Plaintiff could not otherwise state a claim against Hamilton County itself, as he had not alleged that some unconstitutional policy or custom of the County caused a violation of his constitutional rights. (*Id.*) The Court additionally found that Plaintiff had failed to state a cognizable failure-to-protect claim, as he did not allege any facts from which

the Court could infer that an officer knew of a danger to Plaintiff that he disregarded, or that an officer could have had an opportunity to intervene in the attack yet failed to do so. (*Id*. at 5.) Finally, the Court found that Plaintiff had failed to state a cognizable § 1983 claim related to unconstitutional conditions of confinement, as Plaintiff failed to present the Court with any facts that would allow the Court to infer that the complained-of conditions posed a danger to his health or safety. (*Id*. at 5–6.) The Court entered judgment dismissing Plaintiff's complaint on June 1, 2022. (Doc. 6.) The Court received Plaintiff's motion and proposed amended complaint for filing on June 21, 2022. (Doc. 7.)

## II. ANALYSIS

"A party seeking leave to amend after an adverse judgment faces a heavier burden than for a [Federal] Rule [of Civil Procedure] 15 leave to amend motion prior to a final ruling." *Mich. Flyer LLC v. Wayne Cty. Airport Auth*., 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). The Sixth Circuit has held:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Therefore, Plaintiff's case must be reopened under Rule 59 or Rule 60 before he can seek to amend his complaint, and unless such post-judgment relief is granted, the Court is without authority to grant Plaintiff's motion to amend. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (citations omitted).

2
Case 1:22-cv-00137-TRM-SKL   Document 8   Filed 06/30/22   Page 2 of 3   PageID #: 48

Here, Plaintiff does not offer any grounds for seeking to amend his complaint after the dismissal of this case, and he has not offered any explanation for his failure to factually support his claims initially. Plaintiff's desire to now present additional information that was known to him but omitted from his initial complaint is not sufficient to show that Plaintiff is entitled to relief under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding plaintiff cannot use Rule 59 "to raise arguments which could, and should have, been made before judgment issued"); *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir. 2001) (holding Rule 60(b) "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling"); *see also Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016) (finding relevant inquiry whether plaintiff provided a "compelling explanation" for failure to amend or seek leave to amend to add additional facts before judgment was entered).

The Court finds that Plaintiff's request for leave to amend does not set forth a clear error of law, an intervening change in law, manifest injustice, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 568 (6th Cir. 2012) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479 (6th Cir. 2006)) and Fed. R. Civ. P. 60(b). Accordingly, Plaintiff has failed to present a valid basis to reopen this action, and his motion to amend his complaint [Doc. 7] is **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**